IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

_____

UNITED STATES OF AMERICA

    v.                                        Crim. No: 1:17cr83
                                              Hon. Leonie M. Brinkema

STEPHEN PARRA YUSTI,
       Defendant.

_____

### DEFENDANT'S POSITION ON SENTENCING

Comes now Defendant Stephen Parra Yusti, by counsel, and states that he has reviewed the Presentence Investigation Report (PSR) and states as follows.

Defendant has no objection to the arithmetic employed by the PSR when calculating the guidelines sentence. The resulting guideline range, however, deviates substantially from a reasonable sentence as is patent with consideration of Defendant's cooperation with the Government, his role in the offense, and the conditions to which he was subjected while confined in Colombia.

    a. Court's Sentencing Discretion

Far from being determinative, the Guidelines calculations are just one factor for the Court to consider when sentencing. *Kimbrough v. United States*, 552 U.S. 85 (2007). Indeed, *Booker* has vested sentencing courts with nearly plenary discretion. *United States v. Booker*, 543 U.S. 220, 258-60 (2005). A sentence outside the guidelines is permitted, not only when the Guidelines fail properly to reflect the sentencing considerations delineated in Sec. 3553(a), but also when the Guidelines reflect "unsound judgment" or even when "the case warrants a different sentence regardless." *Rita v. United States,* 551 US 338, 351, 357 (2007). In fact, "the Guidelines are not only not

mandatory on sentencing courts, they are not to be presumed reasonable." *Nelson v. United States*, 555 U.S. 350, 351 (2009).

    b. Defendant's cooperation

Defendant pled guilty and fully cooperated with the Government. Even though, the Government has not moved for a reduction, the Court should consider Defendant's cooperation in determining its sentence. *U.S. v. Lazenby*, 439 F. 3d 928, 933-34 (8th Cir. 2006) (A court may consider a defendant's cooperation regardless of whether the Government has moved for or requested such.).

    c. Defendant's role in the offense and sentencing parity

As detailed in the plea agreement, Defendant tested the quality of cocaine for Honduran DTO leadership. PSR at ¶42. In this role, Defendant tested cocaine on September 6, 2016, and September 7, 2016. PSR at ¶46. Defendant's participation in the conspiracy is most analogous to the actions of co-Defendant Cadez Enrique Martinez Nunez. Nunez is described as having ordered supplies and facilitated the process of testing the cocaine's quality. PSR at ¶48. Nunez, who did not cooperate with the Government, was sentenced to 36 months.[1]

    d. Conditions of detention in Colombia

At the request of United States authorities, Defendant was detained in Colombia pending his extradition. His detention lasted several months. During this period, Defendant was confined in cramped and unsanitary conditions. Photographs evincing the conditions of Defendant's confinement have been provided as exhibits. Included within these exhibits are screenshots from videos reflecting these conditions, which

---

[1] Co-Defendant Nunez received a two-level reduction under USSG § 3B1.2(b).

2

include overflowing toilets, open sewage and fecal matter.  The short videos from which these stills were taken are available upon request.  The time Defendant was confined and subjected to these horrendous conditions should be considered, beyond just credited-time, when the Court determines the appropriate sentence.

## Conclusion

Given Defendant's cooperation with the Government, his role in the offense, and the conditions to which he was subjected while confined in Colombia, a sentence of 24 months is a reasonable sentence.  Such a sentence is sufficient, but not greater than necessary, to comply with the purposes enunciated by Congress in 18 U.S.C. §3553(a)(2).

Respectfully submitted,

STEPHEN PARRA YUSTI
By Counsel

\_\_\_\_\_/s/_____
John C. Kiyonaga
600 Cameron Street
Alexandria, VA 22314
Phone: 703-739-0009
Fax: 703-320-1642
Email: john@johnckiyonaga.com

Counsel for Defendant

## Certificate of Service

    I hereby certify that on November 28, 2019, I filed electronically the foregoing with the Court with consequent electronic service on all parties.

                                                                           ____/s/_____
                                                                   John C. Kiyonaga