IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 1:17-cr-83 (LMB) |
| | ) |
| STEPHEN PARRA YUSTI | ) |

**POSITION OF THE UNITED STATES ON SENTENCING**

The United States, through counsel, hereby submits its position on sentencing, currently scheduled for December 6, 2019.

1.   Sentencing Guidelines.   The Presentence Investigation Report correctly calculates the defendant's total offense level as a level 33 (¶¶ 66, 88), with a criminal history category I (¶ 89), thereby resulting in an advisory guideline range of 135 to 168 months.   The underlying factual bases for the base offense level, specific offense characteristics, and role in the offense are addressed thoroughly in the PSR (¶¶ 24-44; 46-55) and the Statement of Facts accompanying the Plea Agreement.   The defendant does not contest these findings.   Based on these facts, we ask that the Court find that the appropriate advisory guideline range is 135 to 168 months.

2.   The 18 U.S.C. § 3553 Factors.   The United States recommends that the Court impose a sentence of 84 months imprisonment.   We submit that a sentence of 84 months is consistent with the factors enumerated in Title 18, Section 3553, which the Court must take into account when imposing its sentence.

Under § 3553(A)(1), the Court must consider the nature and circumstances of the offense and characteristics of the defendant.   The Presentence Report fairly describes the offense of

conviction, applicable relevant conduct, and the defendant's family background and personal history.  The defendant committed a serious drug trafficking offense, a conspiracy whose purpose was to deliver to the United States hundreds of kilograms of cocaine worth millions of dollars.

Under § 3553(A)(2), the Court must consider whether a sentence of 84 months satisfies four additional factors.  We submit that it does.  A sentence of 84 months would reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.  Second, a sentence of 84 months would serve to deter others from committing the same or similar offenses.  Third, a sentence of 84 months would protect the public from further crimes by this defendant.  And fourth, a sentence of 84 months would provide the defendant with any needed educational or vocational training and any medical or psychological treatment.

A sentence of 84 months would also be consistent with the sentences received by defendants in this case and the related case No. 1:16-cr-256 (AJT):

- Antonio Jurandir Pena – 108 months
- Jorge Garcia Fernandez – 120 months
- Cadez Enrique Martinez Nunez – 36 months
- Miguel Antonio Claros – 36 months
- Geffrey Dario Guzman Tobar – 84 months
- Luis Rogelio Lorzano Correa – 84 months
- Ludwick Mark Stephen Ibarra Franco – 84 months
- Carlos Mario Mejia Lopez – 78 months

The defendant's role was similar to that played by Geffrey Dario Guzman.  Both defendants participated in negotiations which were intended to result in the delivery of hundreds of kilograms of cocaine, and both were tasked with testing the quality of the kilogram samples of

cocaine. The only difference is that the defendant operated in Colombia for the Honduran conspirators, whereas Tobar operated in Honduras for the Honduran conspirators.

For these reasons, and for the reasons set forth in the PSR, we ask the Court to impose a sentence of 84 months imprisonment.

                                      Respectfully submitted,

                                      G. Zachary Terwilliger
                                      United States Attorney

By:             /s/
                                      James L. Trump
                                      Assistant United States Attorney
                                      2100 Jamieson Avenue
                                      Alexandria, Virginia 22314
                                      (703) 299-3726
                                      jim.trump@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of December, 2019, I filed the foregoing pleading with the Clerk of Court using the Court's electronic filing system, which will serve all counsel of record.

By:          /s/
       James L. Trump
       Assistant United States Attorney
       United States Attorney's Office
       2100 Jamieson Avenue
       Alexandria, Virginia 22314
       (703) 299-3726
       jim.trump@usdoj.gov